**E-FILED**

Tuesday, 24 August, 2004  01:18:39 PM

Clerk, U.S. District Court, ILCD

FILED

AUG 2 3 2004

JOHN M. WAT....  ...RK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINO:

10:50 a.m

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

MICHAEL WALTERS,                         )
      Plaintiff                        )
                               )
                               )
      vs.                              )     Case No: 04-1287
                               )
VILLAGE OF COLFAX, a municipal           )
Corporation; GARY MILTON                 )
Individually, and as Mayor of            )
the Village of Colfax; and LAURENCE BAKER, )   PLAINTIFF DEMANDS
                               )   TRIAL BY JURY
      Defendants                       )

## COMPLAINT

NOW COMES Plaintiff MICHAEL WALTERS, by his attorneys, Dunn, Stanczak, Willard, Arkell, and Bugg, and for his Complaint against the Village of Colfax, Gary Milton and Laurence Baker, states as follows:

### I.  JURISDICTION

1. The jurisdiction of this Court as to Counts II, IV, V, and VI is founded on 28 U.S.C. § 1331 and 1343 (a)(1),(3) and (4), and 28 U.S.C. § § 1651, 2201, and 2202.  The court also has supplemental jurisdiction over Counts I and III pursuant to 28 U.S.C. § 1367.

2. This suit is brought to redress violations of civil rights, and violations of the Fourteenth Amendment to the U.S. Constitution pursuant to 42 U.S.C. § 1983 and 1988.

## II  VENUE

3. This case is properly brought in the Central District of Illinois pursuant to 28 U.S.C. § 1391 because the Defendants are located in the District and the events giving rise to the this suit occurred in this District.

## III. PARTIES

4. Plaintiff, Michael Walters ("Walters") is a citizen of the United States and a resident of McLean County, Illinois.

5. Defendant, Village of Colfax ("Village") is a municipal corporation located in McLean County, Illinois.

6. Defendant, Gary Milton ("Milton"), is Village President of Colfax and a resident of McLean County, Illinois. He is sued in his official and individual capacities.

7. Defendant, Baker ("Baker") is a trustee of the Village of Colfax and a resident of McLean County, Illinois.

## IV. FACTS

8. Walters has served as Police Chief of the Village of Colfax continuously since 1994: He was also employed by the Village prior to 1994.

9. Gordon Ehlers was elected Village President of the Village of Colfax several times, his most recent election being for a four-year term beginning in 2001.

10. After his election in 2001, Ehlers reappointed Walters as Police Chief.

11. On June 3, 2002, Walters and the Village entered into a contract (the "contract"), a copy of which is attached hereto as Ex.1, providing for Walters' service as Chief of Police for a period of ten years, unless terminated earlier as provided therein.

- 2 -

12. On May 3, 2004, Gordon Ehlers reigned as Village President.

13. On May 3, 2004, the Village Board of Trustees selected Milton to serve the remainder of Ehlers' term as Village President.

14. On May 13, 2004, at a Village Board meeting, Milton and the Village Board terminated Walters' employment as Police Chief by not re-appointing him. Walters has not worked for the Village as Police Chief or in any other capacity since then.

## COUNT 1

### VILLAGE OF COLFAX - BREACH OF CONTRACT

15. Walters repeats and re-alleges paragraphs 1 through 14 of this complaint.

16. At all times relevant herein, Walters fully performed his obligations under the contract.

17. The contract between the Village and Walters provides in paragraph 4 that the contract may be terminated by the Village prior to the end of its ten-year term for six different reasons.

18. No one acting on behalf of the Village has ever claimed that Walters engaged in any of the conduct which, under paragraph 4, justifies early termination of the contract.

19. By reason of the Village's premature termination of Walters' contract, without any grounds for termination, the Village is in breach of said contract.

WHEREFORE, Walters prays as follows:

- A. For a judgment that the Village has breached its contract with Walters by terminating him prior to the end of the contract without justification.

- B. For an award of compensatory damages to compensate Walters for his lost wages, other economic damages and emotional pain and suffering.

- 3 -

C. For pre-judgment interest on lost wages.

D. For court costs.

E. For such other relief as to Court may appear just and reasonable.

## COUNT II

## VILLAGE OF COLFAX

## SECTION 1983 - DEPRIVATION OF PROPERTY INTEREST UNDER CONTRACT

20. Walters repeats and re-allege paragraphs 1 -19 of this Complaint.

21. The contract gives Walters a property interest in his position as Chief of Police, which is protected by the Fourteenth Amendment to the U.S. Constitution, of which he may not be deprived without due process of law.

22. On May 13, 2004, the Village, through its Village President and Trustees, acting under color of state law, terminated Walters' employment at a Village Board meeting, effective immediately, without providing him due process as provided in the contract or otherwise.

23. The Village's actions, in terminating Walters' employment, violated his rights under 42 U.S.C. § 1983, and the due process clause of the Fourteenth Amendment to the U.S. Constitution.

WHEREFORE, Walters prays as follows:

A. For a judgment under 28 U.S.C. § 2201 that the Village violated Walters' rights under 42 U.S.C. § 1983 and the Fourteenth Amendment to the U.S. Constitution, by terminating his employment as Chief of Police.

B. For an order directing the Village to reinstate Walters to his position, as Chief of Police.

- 4 -

C. For an award of compensatory damages to compensate Walters for his lost wages, other economic damages, and emotional pain and suffering.

D. For costs of suit including attorney's fees under 42 U.S.C. § 1988.

E. For such other relief as to the Court may appear just and reasonable, under 28 U.S.C. § 2202.

## COUNT III

## VILLAGE OF COLFAX - UNLAWFUL TERMINATION
## UNDER STATE LAW

24. Plaintiff repeats and re-alleges Paragraphs 1-23.

25. At all times relevant herein, the Village of Colfax was operating under the provisions of the Illinois Municipal Code (65 ILCS 5/1-1-1 et seq.).

26. Under § 3.1-35-10 of the Illinois Municipal Code, police chiefs, once appointed by a village president, continue to hold their position until the end of the village president's term of office. Prior to the end of that term of office, they can be removed only upon a determination by the village president that the interests of the municipality demand removal. A statement of charges justifying such removal must be given to the chief of police, and the reasons must be reported to the village board at a meeting, to be held between five and ten days after the removal.

27. The Colfax Village President never gave Walters a statement of reasons he believed that the interests of the Village demanded Walters' removal under § 3.1-35-10.

28. The Colfax Village President never presented a statement of charges against Walters to the Village Board as required by § 3.1-35-10.

- 5 -

WHEREFORE, Walters prays as follows:

    A. For reinstatement with back pay to his position as Chief of Police.

    B. For costs of suit.

    C. For such other and further relief as to the Court may appear just and reasonable.

## COUNT IV

## VILLAGE OF COLFAX - SECTION 1983 - DEPRIVATION OF PROPERTY INTEREST

## UNDER STATE LAW

29.  Plaintiff repeats and re-alleges Paragraphs 1 -28.

30.  The limitations on the removal of a police chief contained in § 3.1-35-10, create a property interest in Walters' position as Police Chief, such that he may not be deprived of it without due process of law.

31.  On May 13, 2004, the Village, through its Village President and Trustees, acting under color of state law, terminated Walters' employment without providing him due process as provided in § 3.1 - 35-10.

32.  The Village's actions in terminating Walter's employment violates his rights under 42 U.S.C. § 1983, and the due process clause of the Fourteenth Amendment to the U.S. Constitution.

WHEREFORE, Walters prays as follows:

    A. For a judgment under 28 U.S.C. § 2201 that the City violated Walters' rights under 42 U.S.C. § 1983 and the Fourteenth Amendment to the U.S. Constitution by terminating his employment as Chief of Police.

B. For an order directing the Village to reinstate Walters to his position as Chief of Police with back pay.

C. For an award of compensatory damages to compensate Walters for his lost wages other economic damages, and emotional pain and suffering.

D. For costs of suit including attorney's fees under 42 U.S.C. § 1988.

E. For such other relief as to the Court may appear just and reasonable, under 28 U.S.C. § 2202.

## COUNT V

## GARY MILTON

## DEPRIVATION OF CIVIL-RIGHTS SECTION 1983

33. Plaintiff repeats and re-alleges Paragraph 1 - 32.

34. At the time he terminated Walters' employment, Milton never claimed that Walters violated the terms of his contract; he never presented Walters with any charges that would justify termination under § 3.1-35-10; and he never presented the Village Board with any charges against Walters as required by § 3.1-35-10.

35. At the time he terminated Walters' employment, Milton knew or should have known that he had no legal or constitutional basis to do so.

36. In terminating Walters' employment, Milton acted in reckless disregard of Walters' constitutionally protected rights to his employment.

WHEREFORE Walters prays as follows:

A. For a judgment under 28 U.S.C. § 2201 that Milton violated Walters' rights under 42 U.S.C. § 1983 and the Fourteenth Amendment to the U.S.

- 7 -

Constitution by terminating his employment as Chief of Police without due process.

B.  For an award of compensatory damages to compensate Walters for his lost wages, other economic damages, and emotional pain and suffering. .

C.  For punitive damages in the amount of $100,000.00 against Milton, individually.

D.  For costs of suit including attorney's fees under 42 U.S.C. §1988.

E.  For such other relief as to the Court may appear just and reasonable, under 28 U.S.C. § 2202.

## COUNT VI

## DEPRIVATION OF CIVIL RIGHTS - SECTION 1983

### LAURENCE BAKER

37.  Plaintiff repeats and re-alleges paragraphs 1 - 36.

38.  Beginning approximately two months prior to May 13, 2004, Trustee Laurence Baker conspired with Gary Milton and others, to terminate Walters' employment through a series of illegal meetings held in violation of the Illinois Open Meetings Act (5 ILCS 5/120/et seq.)

39.  At the time he conspired to terminate Walters' employment, Baker was acting under color of state law.

40.  At the time, he conspired to terminate Walters' employment, Baker knew, or should have known, of Walters' property interest in his employment, by reason of his contract with the Village, and by reason of the provisions of section 3.1-35-10 of the Illinois Municipal Code.

41.  In conspiring to terminate Walters' employment, Baker acted in reckless disregard of Walters' constitutionally protected right to his employment.

- 8 -

WHEREFORE Walter prays as follows:

A.  For a judgment under 28 U.S.C. § 2201 that Baker violated Walters' rights under 42 U.S.C. § 1983 and the Fourteenth Amendment to the U.S. Constitution, by conspiring to terminate his employment, as Chief of Police.

B.  For an award of compensatory damages to compensate Walters for his loss of wages, other economic damages, and emotional pain and suffering. .

C.  For punitive damages in the amount of $100,000.00 against Baker, individually.

D.  For costs of suit and attorney's fees under 42 U.S.C. §1988.

E.  For such other relief as to the Court may appear just and reasonable, under 28 U.S.C. § 2202.

Michael Walters, Plaintiff

By: _____
His Attorney

David L Stanczak
DUNN, STANCZAK, WILLARD, ARKELL & BUGG
1001 North Main Street, P.O. Box 3488
Bloomington, IL 61702-3488
Phone:  (309) 828-6241
Fax:     (309) 828-8321

## CONTRACT FOR POSITION OF
## COLFAX POLICE CHIEF/VILLAGE ADMINISTRATOR
## FOR THE VILLAGE OF COLFAX, ILLINOIS

THIS AGREEMENT made, entered, and effective this 1st day of May, 2002, by and between MICHAEL WALTERS, hereinafter designated as "CHIEF OF POLICE/VILLAGE ADMINISTRATOR", and the Village of Colfax, a municipal entity of the State of Illinois, hereinafter designated as "THE VILLAGE".

WITNESSTH:

**1. TERM:** The Village shall employ the CHIEF OF POLICE for the term of TEN (10) Years from May 1, 2001 as CHIEF OF POLICE;

The Village shall jointly employ the CHIEF OF POLICE as the VILLAGE ADMINISTRATOR on a year to year basis. The Employment of the CHIEF OF POLICE as the VILLAGE ADMINISTRATOR will be reviewed at the end of one year to determine whether the combined position of CHIEF OF POLICE and VILLAGE ADMINISTRATOR is in the best interest of The Village. At the end of such term, The Village may unilaterally determine that it is, or is not, in the best interests of The Village to continue the position and may terminate the VILLAGE ADMINISTRATOR position without cause.

**2. DUTIES:** The CHIEF OF POLICE/VILLAGE ADMINISTRATOR shall well and faithfully serve The Village in such capacity as aforesaid and shall, at all times, devote his whole time, attention and energies to The Village to the utmost of his ability and shall do and perform all such services, acts, and things connected therewith as The Village shall, from time to time direct.

**3. COMPENSATION:** The Village shall pay MICHAEL WALTERS a salary of Thirty-Three Thousand Four Hundred Seventeen Dollars ($33,417.00) for his *[handwritten]* duties as the CHIEF OF POLICE. The Village shall pay MICHAEL WALTERS an additional sum of Eight Thousand Thirty-Three Dollars ($8,033.00) for his duties as VILLAGE ADMINISTRATOR. Said sums shall be per annum payable in bi-weekly installments of equal amounts every other Friday.

The Village shall review the compensation of the CHIEF OF POLICE AND VILLAGE ADMINISTRATOR position on an annual basis and may come to an agreement for annual increases on a year to year basis.

**4. TERMINATION:** This contract may be terminated at any time by mutual agreement of the parties. The Village may terminate this contract prior to its expiration for any of the following reasons.

    A. Failure of the CHIEF OF POLICE to fulfill any of the duties or responsibilities assigned to him/her by The Village.

    B. Criminal conviction by any government authority.

    C. Failure of the CHIEF OF POLICE to maintain a professional attitude toward The Village and its residents;

    D. Failure of the CHIEF OF POLICE to reside within The Village of Colfax;

    E. Abuse by the CHIEF OF POLICE to any village property entrusted to him;

    F. Violation by the CHIEF OF POLICE of any of the terms of this contract.

**5. UNIFORM:** The Village will provide TWO (2) uniforms at its expense and ONE (1) pair of shoes at one-half Village expense. The CHIEF OF POLICE shall have the responsibility of maintaining the uniforms such as to maintain a respectful image.

**6. SQUAD CAR:** The Village shall provide a squad car in good state of repair for use by POLICE DEPARTMENT. The CHIEF OF POLICE will not make use of the squad car as a personal vehicle. The squad car shall be stored at the CHIEF OF POLICE'S home or in the Village shed.

**7. VACATION:** The CHIEF OF POLICE shall be allowed FIFTEEN (15) vacation days per year and will be taken in one-half day minimum at a time. All vacation days are to be recorded in the Village Clerk's Office in the individual personnel file. The following holidays shall be allowed taken off: NEW YEAR'S DAY, PRESIDENT'S DAY, GOOD FRIDAY, MEMORIAL DAY, 4th OF JULY, LABOR DAY, VETERAN'S DAY, THANKSGIVING DAY, and CHRISTMAS DAY. There will be no pay for unused vacation days. Vacation days are non-cumulative. The CHIEF OF POLICE shall give a minimum thirty (30) days notice to The Village of any vacation days he wishes to use and shall inform the Village when he expects to be out of town on a holiday.

**8. SICK/PERSONAL DAYS:** The CHIEF OF POLICE shall be allowed three (3) sick days and two (2) personal days per year. Any sick days in excess shall cause his salary to be docked pro rata.

9. BEREAVEMENT DAYS: The CHIEF OF POLICE shall be given THREE (3) bereavement days for immediate family.

10 HOURS OF DUTY: Shall be on call twenty-four (24) hours per day when available and shall be on active duty FORTY (40) or more hours per week.

11. INSURANCE: The Village shall provide individual medical insurance.

12. RETIREMENT: The Village will contribute $193.33 per month/Two Thousand Three Hundred Twenty Dollars ($2,320.00) annually to the CHIEF OF POLICE'S IRA.

13. The Village will provide water, sewer, and garbage for the CHIEF OF POLICE'S personal use.

14. The CHIEF OF POLICE will present a report at every regular monthly board meeting.

15. MEETINGS: Mike Walters will meet with the Water and Sewer Committees, as needed. Mr. Walters will meet with the Village Board at regular monthly board meetings, if possible.

In the unforeseen event that any provision of this agreement is found to be void, it shall not affect the other provisions of this contractual agreement.

THIS CONTRACT is considered complete upon its execution by both parties.

Mayor Gordon Ehlers

Village Clerk Nancy Kiper

Chief of Police/Village Administrator
Michael Walters

DATED: 3rd day of June, 2002.

RECEIVED

JS-44
(Rev. 3/99)

AUG 2 3 2004

U.S. DISTRICT COURT

# CIVIL COVER SHEET

The JS – 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**CENTRAL DISTRICT OF ILLINOIS**

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Michael Walters | Village of Colfax,<br>Gary Milton<br>Laurence Baker |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   McLean
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   McLean
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(C)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Dunn, Stanczak, Willard, Arkell & Bugg
1001 N. Main Street
Bloomington, IL 61701

ATTORNEYS (IF KNOWN)
Thomas Shields
123 W. Main Street
Lexington, IL 61753

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights<br>☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C. Sec. 1983  Deprivation of property interest in employment without due process

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $
Reinstatement/Backpay

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE   Aug. 18, 2004

SIGNATURE OF ATTORNEY OF RECORD   David L. Stanczak